Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6457 | **DATE** | August 17, 2012 |
| **CASE TITLE** | Michael A. Hurst (B-33241) vs. Dart | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to: (1) submit an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee and (2) submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff submit an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Failure to fully comply with this order will result in summary dismissal of this case in its entirety on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Michael A. Hurst, a prisoner at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff submitted an *in forma pauperis* application but it is incomplete. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff's *in forma pauperis* application is not certified by the trust fund officer at Stateville Correctional Center (it appears to be signed by someone at Cook County Jail), does not include the trust fund account information for the 6-month period immediately preceding the filing of the complaint (August 5, 2012), and does not include the trust fund account statement from Stateville (his present place of incarceration).

The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of: (A) the average monthly deposits in the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1). The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wants to proceed he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official(s) provide information regarding Plaintiff's trust fund account(s), including a copy of his trust fund account(s) for the 6-month period immediately preceding the filing of the complaint (August 5, 2012). Plaintiff must also write the case number in the space provided for it.

Furthermore, Plaintiff's complaint fails to sufficiently allege a claim.

## STATEMENT

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that "on or around the month of May 2012" he was housed in Division 3 of Cook County Jail. Plaintiff alleges that the housing facility had been deemed unfit for habitation according to rules and statutes. He alleges there was "inadequate running water, insufficient lighting and electrical necessities and overall inhumane living conditions."

Plaintiff's complaint fails to state a claim upon which relief can be granted.. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009)).

Here, Plaintiff makes general, vague and conclusory allegations that do not provide the Defendant with adequate notice of the claims he seeks to raise, including any specific duration he was housed in the alleged inhumane conditions. The Constitution "does not mandate comfortable prisons," and only those deprivations denying the "minimal civilized measures of life's necessities" are serious enough to implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also, Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "Inmates cannot expect the amenities, conveniences, and services of a good hotel . . . ." *Harris v. Fleming*, 839 F.2d 1232, 135-36 (7th Cir. 1988). The Court further notes that violations of administrative regulations or state laws do not give rise to constitutional claims pursuant to Section 1983. *See Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (violation of department procedure or state law is immaterial to whether actions violated federal constitutional right). time frame as to when any of the alleged misconduct occurred. In short, Plaintiff 's minimal allegations fail to give Defendant fair notice of the basis of the Plaintiff's claim.

Lastly, it appears that Plaintiff was recently transferred from Cook County Jail to Stateville. Plaintiff is still responsible for ensuring that he fully exhausted his administrative remedies at Cook County Jail prior to bring this suit.

Based on the above, Plaintiff's complaint is dismissed for failure to state a clam. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff's allegations must include sufficient facts to put the Defendant(s) on notice of the claims against him/her. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.
Plaintiff must submit an amended complaint, as the document on file fails to state a claim against a named defendant.

If Plaintiff does not timely comply with this order, this case will be dismissed on the understanding that Plaintiff does not wish to proceed in federal court at this time.